UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CIVIL ACTION NO. 05-153-JBC**

**JERRY L. ABNER,**                                                                                    **PLAINTIFF,**

**V.**                             **MEMORANDUM OPINION AND ORDER**

**JO ANNE BARNHART, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**                                              **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

The plaintiff, Jerry Abner, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying Disability Insurance Benefits. The court referred this matter to United States Magistrate Judge James B. Todd, who prepared Proposed Findings of Fact and Recommendations to which the Commissioner objects. The court, having reviewed the record *de novo* in light of these objections, will deny the Commissioner's motion for summary judgment and grant the plaintiff's motion for summary judgment.

**The Commissioner's Objections**

The Commissioner agrees that Mr. Abner has been "disabled" under a Listing of Impairments since February 20, 1999. However, because of a five-month statutory waiting period, the Commissioner objects to the magistrate judge's recommendation of an award of benefits retroactive to February 20, 1999.

An individual, determined to be disabled, is entitled to benefits at the expiration of his waiting period. 42 U.S.C. § 423; 20 C.F.R. §§ 404.315, 404.316.

*See also Robbins v. Schweiker*, 708 F.2d 340 (8th Cir. 1983). The waiting period begins on the first day of the month after the claimant becomes disabled, and it runs for five months. 42 U.S.C. §423(c); *Robbins*, 780 F.2d at 342-43. It is agreed that Mr. Abner has been disabled since February 20, 1999. Therefore, his waiting period began in March, 1999, and terminated in July, 1999. Accordingly, he would be entitled to benefits beginning in August, 1999. *See Robbins*, 708 F.2d at 342 (calculating the waiting period); *Sanchez v. Schweiker*, 656 F.2d 966, 971 (5th Cir. 1981). As the finder of fact in social security cases, the Commissioner argues that she should be allowed to determine when the waiting period ends and when benefits begin. However, here, the facts have already been found: Mr. Abner has been disabled since February 20, 1999. Therefore, under the law, the waiting period terminated in July, 1999, and Mr. Abner is entitled to benefits retroactive to August, 1999. Accordingly,

      **IT IS ORDERED** that the Commissioner's motion for summary judgment (DE 13) is **DENIED**.

      **IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 10) is **GRANTED**. The defendant's denial of the plaintiff's claim for disability benefits is **REVERSED** and **REMANDED** to the Commissioner for an award of benefits retroactive to August, 1999.

      Signed on March 24, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY